Pratt, J.
We do not think sufficient cause was shown for setting aside the verdict in this case.
The juror. Strong, was not within the degree of consanguinity to disqualify him from sitting as a juror.
The two jurors, Barlow and Reynolds, were challenged by the defendant, and did not sit, and the fact that they were afterwards called as witnesses was immaterial.
The defendant claims he has lost a peremptory challenge *338 by the misconduct of Barlow, but how he was prejudiced by such loss fails to appear.
To sustain a motidn for a new trial on the ground of misconduct on the part of a jury, the applicant must show some irregularity or misconduct by which he was prejudiced. It does not appear that he would have challenged either Adams or Strong if his challenge had remained to him, and the fact that they had been subpoenaed as witnesses did not disqualify them to sit as jurors.
It does not follow that because a person is subpoenaed as a witness he is prejudiced in favor of the party requiring his services.
We do not think the facts disclosed sufficient to sustain the order.
No point is made that the order was not appealable.
Order reversed, with ten dollars costs and disbursements.
Barnard, P. J., concurs.
Dykman, J.
This cause was brought to trial at the Westchester county circuit court in the month of December, 188G, and a verdict was rendered therein in favor of the defendant.
Then a motion was subsequently made at special term founded upon the alleged misconduct of one of the trial jurors, to set aside the verdict and obtain a new trial, and the motion'was granted, and now the case comes to us upon an appeal from that ordér.
The papers disclose no misconduct on the part of any juror, and the complaint of the plaintiff which formed the base of his motion was this: One of the jurors was subpoenaed as a witness by the attorney of the defendant to prove the value of hay and grain and the expense of keeping cows, and was paid his fees as such witness, but he does not appear to have been called or sworn upon the trial.
It does not appear that he had any interest in the case or any knowledge of the facts or questions in controversy, or was in any way disqualified as a juror.
During the preliminary examination of the jurors to ascertain the qualifications, the juror in question stated that he knew nothing of the merits of the case and had formed no opinion thereof, and his statement was true, and there is no pretense that it was otherwise. The jury was substantially unanimous in favor of the defendant from the first moment of their retirement, and the juror in question assumed no" active part in favor of either party.
Jurors have always been competent witnesses for either party in the common law courts, and there was no reason for the disclosure of the fact of his subpoena by the juror when he was interrogated respecting the state of his mind in relation to the merits of the case.
The order appealed from should be reversed with ten dollars costs and disbursements, and the motion should be denied with ten dollars costs.